# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00420-CR
NO. 03-08-00421-CR

**Reynard Speaks, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
NOS. 2C04-10092 & 2C04-10093, HONORABLE GERALD M. BROWN, JUDGE PRESIDING**

## MEMORANDUM OPINION

A jury convicted appellant Reynard Speaks for driving with a suspended license, *see* Tex. Transp. Code Ann. §§ 521.457, 601.371 (West Supp. 2008), and for evading arrest, *see* Tex. Penal Code Ann. § 38.04 (West 2003). He was sentenced to a total of 120 days in jail and assessed a $200 fine. In a single issue, Speaks appeals the trial court's refusal to grant a mistrial following testimony about the details of Speaks's outstanding arrest warrants. We affirm the judgment of conviction.

On November 12, 2004, Speaks was operating a motor vehicle in Killeen. Officer Debreah Chism attempted to stop Speaks for failure to yield the right of way. Speaks refused to stop. He eventually turned into an apartment parking lot, made an abrupt stop, got out of the vehicle, and ran away. Although Speaks was successful in evading pursuit at the time, police were able to determine his identity after searching his abandoned vehicle. Police also determined

that, at the time of the incident, Speaks's driver's license was suspended and that he had a prior conviction for driving with a suspended license. Speaks was later arrested and charged with driving with a suspended license and evading arrest. Following a jury trial, he was convicted as charged and sentenced by the trial court to a total of 120 days in jail and assessed a $200 fine.

In a single issue, Speaks argues that the trial court erred when it refused to grant a mistrial following testimony about the details of Speaks's outstanding arrest warrants. According to Speaks, when Officer Chism testified as to the details of these warrants, including "the specific nature of the alleged allegations," the presumption of innocence to which Speaks was entitled was undermined.

Speaks complains of the following testimony:

Prosecutor:	Okay. [Were] there any warrants out?

Officer:	A Harker Heights warrant—traffic warrant and a Coryell County possession—

At this point, defense counsel objected to the testimony as irrelevant and prejudicial, while the State argued that the testimony was relevant to show Speaks's state of mind, including a motive for evading arrest. *See* Tex. R. Evid. 404(b); *Gosch v. State*, 829 S.W.2d 775, 783 (Tex. Crim. App. 1991). The trial court allowed the testimony for the limited purpose of showing state of mind and denied defense counsel's request for a mistrial. On appeal, Speaks concedes that, to show motive for flight, the State could have elicited testimony that "[a]ppellant had two outstanding warrants of arrest," but contends that testimony revealing "the specific nature of the alleged conduct . . . prejudice[d] Appellant's presumption of innocence." *See id.*

2

We review a trial court's refusal to grant a mistrial for an abuse of discretion, and mistrial is required "[o]nly in extreme circumstances, where the prejudice is incurable." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Id.* (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). In our review, we consider three factors: "(1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

Applying the *Mosley* factors here, we conclude that the trial court's refusal to grant a mistrial was a proper exercise of its discretion. Although Officer Chism inadvertently testified as to the nature of the outstanding warrants, she only generally described each offense—one as a "traffic warrant" and the other as a "possession." Thereafter, the court instructed the jury that the testimony was to be considered "only for the purpose of determining whether or not that was a reason why the person that was stopped would have run," and the State never relied on or emphasized the objected-to testimony. In addition, the evidence at trial—including Officer Chism's description of the evening's events, her description of Speaks, documents found in the vehicle identifying Speaks, and records showing that Speaks's license was suspended at the time of the incident—was sufficient to support the conviction absent the objected-to testimony. Given the

3

general nature of the testimony, the fact that the testimony was not emphasized, the court's limiting instruction, and the certainty of conviction absent the testimony, we overrule Speaks's point of error. *See id.*

Having overruled Speaks's point of error, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   July 23, 2009

Do Not Publish